UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ZACHARY M. SCIALDONE,

          Plaintiff,

                  Case # 16-CV-6433-FPG

v.

                  DECISION AND ORDER

NANCY A. BERRYHILL,[1] ACTING
COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

On June 27, 2016, Zachary M. Scialdone ("Plaintiff") brought this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

On December 27, 2016, Plaintiff's counsel filed a "Consent Motion to Substitute Party" pursuant to Federal Rule of Civil Procedure 25(c). ECF No. 10. Federal Rule of Civil Procedure 25(c) provides that:

> If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. 25(c).

The motion at issue, however, does not demonstrate that any interest has been transferred. The motion merely indicates that Plaintiff's father, Gary Scialdone, informed Plaintiff's counsel on July 7, 2016 that Plaintiff passed away on June 24, 2016. ECF No. 10-1. It further states that

---

[1]   Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

"Gary Scialdone thereafter agreed to be the substitution of party and proceed with Plaintiff's case" and that the Commissioner consented to this substitution on November 29, 2016. *Id.*

The Court notes that Federal Rule of Civil Procedure 25(a) specifically deals with a party's death. Federal Rule of Civil Procedure 25(a)(1) provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Thus, Federal Rule of Civil Procedure 25(a)(1) permits an individual to be substituted for a deceased party to a civil action if: (1) the claim of the deceased plaintiff survives his or her death; (2) the individual seeking to be substituted is a "proper party;" and (3) the party requesting substitution moves "within 90 days after service of a statement noting the death."

As to whether the claim survives, the Act "expressly provides for Plaintiff's Social Security benefits to be paid to his survivors in the event he dies before collecting his underpayments." *Perlow v. Comm'r of Soc. Sec.*, No. 10-CV-1661 SLT, 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010) (citing 42 U.S.C. § 404(d)). The SSA distributes that amount to certain individuals according to a statutorily established priority. *See* 42 U.S.C. § 404(d).

As to timeliness, the party seeking substitution must move the Court within 90 days of "service of a statement noting the death" of the party for whom substitution is sought. Fed. R. Civ. P. 25(a)(1). "Although service of the statement typically begins the 90 day period, courts have construed a motion for substitution to be a notice of death when a party's death is first mentioned in the substitution motion." *Worrell v. Colvin*, No. 1:12-CV-3386 ENV, 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013) (citations omitted).

Finally, the "proper party" for substitution is either a "representative of the deceased party's estate" or a "successor of the deceased party." *Id.* at *2 (citation omitted). The Court looks to New York state law to define the terms "representative" and "successor." *Id.* (citation omitted). A "representative is a person who has received letters to administer the estate of a decedent." N.Y. E.P.T.L. § 1-2.13. A "successor of the deceased party is a distributee of the decedent's estate if the estate has been distributed at the time the motion for substitution is made." *Garcia v. City of N.Y.*, No. CV 08-2152 RRM MDG, 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009) (quotation marks and citation omitted). Courts generally reserve judgment as to whether the movant is a proper party for substitution when he or she fails to establish that he or she is the deceased party's "representative" or a "successor." *Worrell*, 2013 WL 3364373, at *2.

For the reasons stated, the "Consent Motion to Substitute Party" (ECF No. 10) lacks the requisite information for the Court to determine whether Plaintiff is entitled to the relief he seeks pursuant to Federal Rule of Civil Procedure 25(c).[2] Accordingly, Plaintiff's counsel has until **July 14, 2017** to amend or supplement his motion to enable the Court to make a proper decision.

IT IS SO ORDERED.

Dated: June 30, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[2] Although Plaintiff's counsel did not move pursuant to Federal Rule of Civil Procedure 25(a), the contents of the motion also do not allow the Court to conclude that Gary Scialdone may be substituted for Plaintiff in accordance with that rule.

3